UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dishon Disposal, Inc. | Case No. _____ |
| Plaintiff, | **Complaint and Demand for Jury Trial** |
| v. | |
| Perfect Circle Water Systems, LLC, | |
| Defendant. | |

Plaintiff Dishon Disposal, Inc. ("Dishon Disposal") for its Complaint against Defendant Perfect Circle Water Systems, LLC state as follows:

## Nature of Action

1. Dishon Disposal is a second-generation family business that operates and provides waste disposal services to the oil field industry in North Dakota. Dishon Disposal is a wholly owned subsidiary of Digerati Technologies, Inc.

2. Dishon Disposal entered into a lease, a purchase agreement, and a service agreement with Defendant for water recycling equipment used in the oil field industry.

3. This action for declaratory judgment arises out of the discovery that Defendant had no ownership rights to equipment it purported to first lease and then sell to

1

Dishon Disposal and Defendant's failure to perform the essential functions required by the service agreement entered into with Dishon Disposal.

4. Through this action, Dishon Disposal seeks to confirm that any lease or purchase agreement between Dishon Disposal and Defendant are void; that Dishon Disposal is entitled to damages for payments made to Defendant for the purported lease and purchase of the equipment; that Defendant's non-performance has rescinded the service agreement; and that Dishon Disposal has no further obligations under the service lease, purchase agreement, and service agreement.

## Parties

### *Plaintiff*

5. Dishon Disposal is a corporation organized under the laws of the State of North Dakota with its principal place of business in Williston, North Dakota.

### *Defendant*

6. Perfect Circle Water Systems, LLC ("Perfect Circle"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Stafford, Texas.

## Jurisdiction and Venue

7. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. The parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the event giving rise to the claim situated in North Dakota.

9. The lease and purchase agreements are void. The failure by Defendant to own the equipment being sold and failure to perform other terms of the agreements allows Dishon Disposal to rescind the contracts. Rescission and voiding of the contracts extinguishes the parties obligations under any dispute resolution and choice of law provisions contained within the contracts.

## Factual Background

### *Defendant Purports to Lease Equipment to Dishon Disposal*

10. On July 1, 2012, Dishon Disposal and Defendant entered into a "Master Equipment Lease" ("Lease") which purported to grant to Dishon Disposal the use of certain equipment in exchange for monthly payments over a term of five (5) years. (Ex. A.)

11. Dishon Disposal has paid hundreds of thousands of dollars under the Lease.

12. Dishon Disposal has learned that Defendant was not the owner of the equipment which is the subject of the lease ("Equipment").

13. Defendant did not have rights to enter into an agreement to lease the Equipment because Defendant has no ownership rights to the Equipment.

### *Defendant Purports to Sell the Same Equipment to Dishon Disposal*

14. On September 18, 2012, Dishon Disposal and Defendant entered into a "Contract for Purchase and Sale of Equipment" ("Purchase Agreement") which purported to sell to Dishon Disposal the Equipment. (Ex. B.)

15. The Equipment purportedly sold to Dishon Disposal is the same Equipment that was leased to Dishon Disposal. The lease was not terminated when the Purchase Agreement was executed.

16. The payment for the Equipment under the Purchase Agreement was payable "in accordance with the terms of the invoice."

17. Defendant has not sent invoices and Dishon Disposal has not made any payments under the Purchase Agreement.

18. Dishon Disposal has learned that Defendant was not the owner of the equipment which is the subject of the Purchase Agreement.

19.     Defendant did not have rights to enter into the Purchase Agreement because Defendant had no ownership rights to the Equipment.

### *Defendant Fails to Perform Under the Services Agreement*

20.     On July 1, 2012, Dishon Disposal and Defendant entered into a High Solid Waste and Water Treatment Facility Services Agreement ("Services Agreement"). (Ex. C.) Under the Services Agreement, Dishon Disposal agreed to pay for services to be performed by Defendant.

21.     Defendant has failed to comply with its promises to service the Equipment for Dishon Disposal.

22.     The Service Agreement between the Dishon Disposal and Defendant has been rescinded because the consideration due from Defendant has become entirely void.

23.     The prerequisites for rescission of the Service Agreement has been met. Dishon Disposal acted promptly to rescind the contract after Defendant failed to perform. Dishon Disposal does not need to restore anything of value to Defendant because nothing of value has been received.

**COUNT I**
(Declaratory Judgment)

24.     Dishon Disposal re-allege the foregoing paragraphs, inclusive, as though fully set forth herein.

25. A real and justiciable controversy exists among the parties with respect to their rights and obligations to one another. Pursuant to 28 U.S.C. § 2201, the Court has authority to declare the rights and obligations of Dishon Disposal and Defendants with respect to this controversy.

26. Dishon Disposal seeks a declaratory judgment as follows:

   a. That the Lease between Dishon Disposal and Defendant is void because Defendant entered into the Lease with no ownership rights to the Equipment;

   b. That the Purchase Agreement between Dishon Disposal and Defendant is void because Defendant entered into the Purchase Agreement with no ownership rights to the Equipment;

   c. That the Service Agreement is rescinded and Dishon Disposal has no further obligations under the Service Agreement; and

   d. That Dishon Disposal is entitled to damages for payments made to Defendant for the Equipment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1. Declaring the rights and obligations of the parties as prayed for;
2. Voiding the Lease and Purchase Agreement;

3. Directing an accounting to determine all gains, profits, savings and advantages obtained by Defendant as a result of its wrongful actions;

4. Compensation for damages suffered by Dishon Disposal;

5. Award of reasonable attorneys' fees and costs and disbursements incurred herein; and

6. Such other relief that the Court deems just and equitable.

## Demand for Jury Trial

Dishon Disposal, Inc. hereby demands a trial by jury.

Dated: 9/16/13

LARSON · KING, LLP

By: _____
Shawn M. Raiter (05712)
2800 Wells Fargo Place
30 East 7th Street
St. Paul, MN 55101
Telephone:   (651)312-6500

*Attorneys for Dishon Disposal, Inc.*

7